STATE OF FLORIDA, *ex rel.*, JULIUS DAVIDSON, *et al.*, v. C. E. CHILLINGWORTH, as Judge *Pro Hac Vice* of the Circuit Court of Volusia County, Florida, and R. H. Gore.

3 So. (2nd) 398

Special Division B

Opinion Filed July 15, 1941

*Green & West and Alfred A. Green,* for Relator; *McCune, Hiaasen & Fleming,* for Respondents.

THOMAS, J.—The present phase of this litigation is presented on a petition for an alternative writ of mandamus and the objections of the respondents. Counsel

have agreed that the matter be determined without further pleadings and no proof is necessary.

This proceeding is a sequel to the litigation which culminated in a final decree of the chancellor reviewed in our opinion filed May 13, 1941. The title of that case was News-Journal Corporation, a Florida Corporation, *et al.,* v. R. H. Gore.

The part of the final order brought into question now is the injunction against the payment by the corporation to Julius Davidson or Herbert M. Davidson, "or both of them," of compensation exceeding a stated aggregate amount that "either or both" of them might render "without prejudice to the right of the corporation to hire such additional help as may be necessary to replace the service of "these men, or both, as the case may be . . . ."

In that decree it was also decided that the corporation should be liquidated because the Davidsons were conducting it for the "personal gain of its officers" rather than the "pecuniary gain of its stockholders." Among their misdeeds which evidently led to this conclusion was the withdrawal from corporate funds of excessive salaries. We agreed that the full compensation had not been earned but concluded that under all of the circumstances liquidation was not warranted.

The chancellor held that no judgment should be entered for the return of the amount of unearned compensation drawn after July, 1937 (the date the complaining stockholder acquired his interest). Our's was the contrary view and we decided too that the Davidsons should be restrained from receiving exorbitant remuneration in the future.

Bearing in mind these important features of the

decree and the opinion, we will consider the last order the chancellor entered after the mandate issued, dealing with (a) the return of overpayment in salaries and (b) prevention of future compensation disproportionate to work done.

Anent the first proposition the chancellor ordered the refund of all moneys received for salaries by Julius Davidson *and* Herbert M. Davidson in excess of $5,200 per annum and entered a joint judgment for that amount. In disposing of the second feature, after granting a motion to take testimony relative to future salaries, he ruled that the provisions of the original decree inhibiting any "obligation to pay directly or indirectly, any compensation to Julius Davidson or Herbert M. Davidson, or *both,* in an amount exceeding that which would be reasonable compensation for *one* of them" should not be affected, adding that "the purpose of the decree was to prevent *both* men from enriching themselves at the expense of the corporation, although *one* of them could remain, or both could remain, if the *total compensation did not exceed* that reasonably allowable to *one. . . .*" (Italics supplied.)

It seems to the Court that the provisions of the last decree are susceptible of the criticism that the basis of pay to the Davidsons is personnel instead of value of services performed. The significance of the relationship existing between these men faded when it was decided that liquidation should not be decreed and in making the subsequent decree conform to our ruling, past and future compensation should be fixed according to the value of work done by each of them and not limited to a certain amount whether one or both retained a connection with the corporation. On that score we think petitioners' position sound.

We apprehended that there was sufficient testimony before the court to establish fair compensation for the periods before and after July, 1937, so we are not disposed to interfere with his denial of the motion to hear testimony about the former. If, however, in view of what we have written, further testimony appears necessary to an intelligent determination of the amounts each of the Davidsons should repay to the corporation and each should be paid hereafter, based on the sums each deserved, or will likely deserve for his work, nothing we have stated is to be construed as preventing that course.

We have examined the petition for the appointment of a receiver presented after our mandate issued and we do not find in it allegations which, if proven, would justify such action in this suit.

A peremptory writ will issue consistent with the views expressed.

BROWN, C. J., WHITFIELD and CHAPMAN, J. J., concur.